Good morning, Your Honors. I'm Anthony Wallach from San Antonio, Texas, representing Mr. Zarek Scott in his petition for review of a Board of Compare Assistance Protection Board case. As you're probably aware, this resulted from a removal action by the State Department of an employee in Houston, Texas. The allegations, the remaining allegations after it was heard by the Merit Assistance Protection Board were five specifications of failure to comply with an investigation, cooperate with an investigation, and two specifications of misconduct. This case arose from an EEO training session that occurred in Houston. Our time is very limited, so why don't you just get to where you think the error lies that would justify our reversing the Board? We have three issues, ma'am. One issue is whether or not he did fail to participate by answering questions in the compelled... But that was dropped, wasn't it? Pardon, sir? That issue was dropped. No, sir, that was not. Failure to cooperate is still one of the specifications? Yes, sir, it's five of the specifications. Is that something the Board relied upon in continuing to affirm the penalty? The Board did not rely on those. However, we believe that they're significant issues because they were five of the seven total specifications, and they were significant as far as the seriousness of the offenses. So I think we're offering, as you are, to get those off the table because the Board said it didn't sustain those specifications. It relied exclusively on the alleged misconduct. So why don't we talk about that? Because we've already taken the other stuff off the table. Yes, ma'am. Those specifications were considered as part of the Douglas factors, and one of our arguments are that the Douglas factors were not properly applied, properly considered. So we felt that those were still significant, notwithstanding the MSPB not accepting those or not looking further into those. So okay, I'll press on to the other issue, the remaining two issues, and that is the severity of the specifications regarding sexual harassment. This came out of a sexual harassment investigation, and it's clearly a sexual harassment issue. That was the allegations that were submitted to the investigation that resulted in all the charges. It was also referenced on three different occasions in the deciding official's Douglas factors considerations. Right, and there's a lot of deference allotted to the deciding official with respect to the Douglas factor inquiry, right? Ma'am, I have a difficult hearing. There's a lot of deference that we allow to the agency in its consideration of the Douglas factors, is there not? Yes, there is, Your Honor, but it still has to be reasonable. The Douglas factors require when there's an adverse action, such as removal, that it should be made only after responsible termination unless severe penalties, such as punishments, are adequate, and we don't think that that was done. It was not inadequate. Yes, they give them deference, but they can't ignore the Douglas factors. They do have to make it... Well, what makes you think they ignored that Douglas factor? They spoke, did they not, about the fact that he was a supervisor, he had certain responsibilities, they looked at the charges. Yes, ma'am. I mean, I understand this case is a little bit unusual because there were two glitches in the consideration of the Douglas factors, but those, I think, were remedied when the deciding official said, even with his years of service, whatever, I still made this decision, and she explained why. What's wrong with that? Why is that a sufficient basis to overturn, really, what's a pretty discretionary call, right? Well, again, looking at the seriousness of it, the deciding official considered two of the specifications that were dropped by the administrative judge to be particularly egregious. In the record of the hearing, at 55 minutes and 23 seconds, the deciding official in her testimony stated that the physical sexual harassment specifications were particularly egregious, and that was part of her consideration. She looked at the seriousness of the offenses as well as the rehabilitation and all the others in the Douglas factors. Those two specifications were thrown out by the administrative judge. So what we're saying is that when the allegations of touching, of actual assault, were dismissed, all you have left are essentially comments, locker room-type comments, that are made a year apart, one in 2009, one in 2010. There was no complaint made of them. They were obviously not taken as unwanted comments because the deciding official in her decision letter quotes the witness as saying, whatever. That was her response to it, is whatever. And there was no complaint made. But I thought the complaints were ultimately made after they all went through sexual harassment training and on reflection, they realized certain mischief was going on and decided to report this individual. There was no complaint in the sense of an EEO complaint that would be investigated or would be resolved through the EEO system. These were complaints that were referred to the Office of Professional Responsibility in Washington for them to do the investigation. Now, they were referred to sexual harassment complaints. That is, on page 102 of the appendix, it's referred as a sexual harassment complaint, and that's our issue. This is a sexual harassment complaint. When the other serious charges were removed, and there were other charges that were removed by the deciding official also, but when those two serious ones were removed that she had so much emphasis on, both in her decision as well as her testimony, we believe that the evaluation of the Douglas factors on the specifications that remained did not justify, under the Douglas criteria, justify the severe punishment, the maximum punishment. You know, it's hard. I mean, I know you're probably familiar with our caseload. It's very uncommon for us to overturn a board affirmance of a deciding issue based on the Douglas factors simply because it's so discretionary. We have cases sometimes when the employee comes up and says the agency only suspended six different people for the exact same conduct, and now they've removed this individual. You have none of that evidence here, right? No, ma'am, we do not. No. So all you're asking us is to kind of almost do a de novo evaluation that we don't think this is serious to remove a supervisor. I mean, so we should decide in the first instance whether or not we think it's only a 30-day suspension. I mean, you understand this is a difficult position to bear at the appellate level, right? That is essentially what we're asking, Your Honor, and we believe that that's justified because the Douglas decision does require specific consideration of the various elements, the 12 elements. And in these, two of those are very—the most important things that people usually look at in these situations is how long has this guy been working here? How long is the employment? And have they had any other misconduct? She misinterpreted both of those and misapplied that. That was rehabilitated on the witness stand, and the administrative judge said that she credibly testified, she meaning the deciding official, credibly testified that she would have taken the same action evaluating the Douglas factors as they should have been evaluated, 29 years and no other conduct, right? So you're right, if they hadn't cured that, that could be a problem. But in our cases, isn't that typically sufficient in terms of curative? Well, we questioned whether that was sufficiently curative at that level, because again, she still had two other specifications that she was considering as egregious, which were later removed by the administrative judge. So at some point, if a deciding official is looking at 10 or 12 factors, and only two or three of those wind up being ultimately proven, the deciding official's consideration of those earlier possible specifications is contributing to the seriousness. It has to be re-evaluated at some point. It's after the fact for the deciding official. The deciding official cannot make that re-evaluation. The administrative judge certainly can, and we believe the administrative judge erred in the determination that she made. And that's why, yes, we are asking essentially the board to overcome what we see as an error in the evaluation of the Douglas factors. And to do what? And to either remand it back to the MSPB, or to direct that he be placed back into his position with the State Department. There was a deciding official here, and then there was an administrative judge, and then there was the full board, or at least two-thirds of the board. Yes, sir. So you're saying they were all wrong. Well, the administrative, I'm sorry, the MSPB, we believe that they were wrong in not looking at those additional five specifications. We think that was an error. He did go and answer those questions, and to have... No, well, they did. They did exactly what you wanted. They said they're not sustained, and you can't rely on those. I mean, I don't really understand your argument about those additional. You won on that issue. Those were taken off the table, and then it was up to the board, and then us to evaluate whether the penalty was appropriate based on solely the misconduct allegations and not the uncooperation. So I don't understand what you think you can gain by that. You've already, you know... Yes, ma'am. The remaining sexual harassment issues that the deciding official indicated that she would have based the removal on it separately by themselves, again, all of them were not sustained by the administrative judge, number one. Number two, when you look at the circumstances, if you look at the nexus, for example, between the removal and the sufficiency of the service, you know, there was none in this situation because the time that passed between these two events, in 2009, 2010, finally being recorded a year later, the record shows that he had satisfactory service and it was either fully successful or outstanding. There were no other issues. There were no other events that occurred. So we would suggest that her evaluation just based on the nexus requirement of the Douglas factors was not properly supported. What was the benefit to the service or what was the exigency to the admission of the service? How about a comfortable environment for other workers? I'm sorry, sir? How about a comfortable environment for other workers? Well, certainly. Isn't that the efficiency of the service? Well, yes, it is, Your Honor, but there's no suggestion that this occurred to any other coworkers as far as the findings went. So the facts just don't support that. What, so it has to happen five times before you can say that this is not acceptable? Well, you know, you're aware that the civil service system really has a progressive punishment aspect to it where people usually would take you up through a chain of different punishments if things do reoccur. So we would suggest that certainly... Well, I mean, maybe what you're suggesting isn't completely out of the question and completely improper or completely out of the box, but that's not what we're reviewing here in a level of review. Maybe somebody could have done something else. Maybe if the agency had decided to suspend him for 45 days, we would have affirmed that, too. But that's not what our job here is, is an appellate review, just because you think that would have been the better or more appropriate avenue for the agency to take. That's just not what we're doing here. One of the ultimate requirements of the decision to remove the employee is that the removal has to be supported by substantial evidence. And then the bottom line is that's what we're arguing, that there was not sufficient evidence in this case to require removal of a 29-year individual with no prior disciplinary actions and with a satisfactory record of service and evaluations. We do not believe that there's substantial evidence in this file to justify that extreme measure. We don't think it was quantified by the testimony of the deciding official. We don't think it's in the evidence file. We're not saying that sexual harassment is not a pernicious thing in the federal government. You have to read the paper or watch the news any day. We know what's going on. But there are levels of it. It goes from a minor range to sexual assault. And at scale, we think that the evidence shows that this was at the very minor level, that there was not sufficient justification in there by the deciding official's testimony or the documentation to justify it going that far by itself, those things by itself. All the specifications taken together, maybe there was sufficient for removal. But just on the sexual harassment issues, we disagree that those in and of themselves justify the action taken. Thank you, ma'am. Good morning. May it please the Court. The Board concluded that Mr. Scott's inappropriate conduct was sufficient to justify his removal. Mr. Scott's assertion that his conduct was not serious or minor does not satisfy the standard necessary to reverse the Board's decision. For example, this Court in Miguel v. Department of Army, which Mr. Scott attempts to rely on, determined that removal for the theft of a $2 bar of soap was a grossly disproportionate penalty. Mr. Scott's conduct goes well beyond the theft of a bar of soap. Mr. Scott, who was a supervisor, made inappropriate statements of a sexual nature and displayed inappropriate pictures to a coworker. The Board's conclusion that these constitute serious acts of misconduct was not an abuse of discretion, and this Court in its precedent reviews the penalty in a highly deferential manner. The Board also appropriately affirmed the administrative judge's determination that the nexus is established when a supervisor makes inappropriate comments of a sexual nature to coworkers. With regard to the Douglas factors, Mr. Scott's expressed disagreement in his brief, but he's not identified any errors. As the courts point out, there were glitches, but these were cured by the administrative judge and then by the Board itself. It raises a suspicion in these cases, these types of cases, though, does it not? If you charge someone with 16 different specifications and the AJ throws out six, ten of them, and you're only left with the original six, and then the Board throws out a portion of the original six, I understand here I guess the deciding officer said I would have taken the same action notwithstanding that, but it is a basis to take a more careful look under those circumstances, is it not? Absolutely, Your Honor. It is a basis to step back and take a closer look, and that is what the administrative judge did. In her decision, she goes through the Douglas factors, not quite de novo, but she goes through each one and weighs them, and as Your Honor pointed out, there was rehabilitation testimony in this case, which the administrative judge credited. So I think the step back was taken, and the administrative judge determined that the Douglas factors, doing her own analysis, still warranted removal in this case, and this court's precedent also looks to whether the agency gives any indication that if there is some charges that are not sustained or differences in the Douglas factors, if they would have chosen a different course of action, and there's nothing in the record here that the agency would have chosen a different course of action. Well, it kind of works the opposite. The agency then should get up and kind of establish that they would have taken the action even under the more limited factors. The burden isn't otherwise. I mean the suggestion is that if you remove someone for ten things and two are left standing, that you've got to explain why these two are sufficient, right? Your Honor, it still has to pass the reasonableness test. The board still has to determine that it is a reasonable punishment for the sustained charges, but in cases such as Hathaway v. Department of Justice, the board looks at whether the agency has made any indication that it would have applied a lesser penalty, and in this case, there is none. Are there any examples either that this agency or perhaps the federal government has administered the exact same kind of penalty of removal for conduct that's similar to this? The board did cite two cases, Luongo and Alberto cases, which are similar in that they are comments of a sexual nature and removal what was deemed appropriate, and that's what the action the agency took and that was upheld by the board. I can't remember what happened, if and when it came here, but the board determined that inappropriate comments of a sexual nature are enough to justify removal in those two cases. We therefore ask the boards to affirm the board's decision that Mr. Scott's misconduct also warrants removal, and unless there are further questions, we'll rest on the briefs. Thank you. Sir, you had about a minute left in your time. I did not. I did not request any rebuttal. Okay, thank you. We thank both sides. The case is submitted.